UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| GEORGE BRAULT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | File No. 1:10-CV-112 |
| | : | |
| SOCIAL SECURITY ADMINISTRATION, COMMISSIONER | : | |
| | : | |
| Defendant. | : | |
| | : | |

MEMORANDUM AND ORDER
(Docs. 7, 10)

I.  Introduction

Plaintiff George Brault (Brault) brings this action under 42 U.S.C. § 405(g) of the Social Security Act, requesting review and reversal of the Commissioner of Social Security's (Commissioner) denial of his application for disability insurance benefits. Pending before the Court are Brault's motion seeking an order reversing the Commissioner's decision (Doc. 7), and the Commissioner's motion seeking an order affirming his decision (Doc. 10). For the reasons set forth below, Brault's motion to reverse is denied and the Commissioner's motion to affirm is granted.

II.  Background

On September 17, 2007, Brault filed an application for disability insurance benefits and supplemental security income, alleging he became disabled on September 26, 2006 due to injuries sustained in a motor vehicle accident. (A.R. 142-57, 167.) His application was denied initially (A.R. 45-46), and then denied upon review by a Federal Reviewing Official (A.R. 47-55). Brault filed a timely request for an administrative hearing (A.R. 62-63), which was held by Administrative

Law Judge (ALJ) Thomas Merrill on November 6, 2009 (A.R. 16-40).  Brault appeared with counsel at the hearing and testified.  A vocational expert (VE) also testified.

The ALJ issued a decision on December 8, 2009, concluding Brault was not disabled under the Social Security Act from the alleged disability onset date through the date of the decision. (A.R. 7-15.)  Specifically, the ALJ found that although Brault had the severe impairments of degenerative disc disease with radiculopathy and cubital tunnel syndrome (A.R. 10), he retained the residual functional capacity to perform light work (A.R. 11) but not his past relevant work (A.R. 13). The Decision Review Board selected the ALJ's decision for review, however it did not timely complete its review of the claim and the ALJ's decision became the final decision of the Commissioner.  (A.R. 1-3.)

On May 11, 2010, Brault timely filed this action raising three challenges to the ALJ's decision.  He argues the ALJ erred (1) by failing to give appropriate weight to Dr. Clifford Chapin's opinion, (2) in finding Brault's claims of subjective pain to be less than fully credible, and (3) in relying on the vocational expert's testimony.  (Doc. 7 at 2.)

III.     Standard of Review

The Social Security Act defines the term "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  A person will be found to be disabled only if it is determined that his "impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 423(d)(2)(A).

The Commissioner uses a five-step sequential process to evaluate disability claims. Butts v. Barnhart, 388 F.3d 377, 380-81 (2d Cir. 2004). At the first step, the ALJ determines whether the claimant is presently engaging in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not, the ALJ determines whether the claimant has a "severe impairment." Id. §§ 404.1520(c), 416.920(b). If the ALJ finds the claimant has a severe impairment, the third step requires the ALJ to determine whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. §§ 404.1520(d), 416.920(d). A claimant is presumptively disabled if the impairment meets or equals a listed impairment. Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).

If the claimant is not presumptively disabled, the fourth step requires the ALJ to consider whether the claimant's residual functional capacity (RFC) precludes the performance of his or her past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The fifth and final step requires the ALJ to determine whether the claimant can do "any other work." Id. §§ 404.1520(g), 416.920(g). The claimant bears the burden of proving his or her case at steps one through four, Butts, 388 F.2d at 383, and at step five, there is a "limited burden shift to the Commissioner" to "show that there is work in the national economy that the claimant can do," Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009).

In reviewing a Commissioner's disability decision, the court limits its inquiry to a "review [of] the administrative record de novo to determine whether there is substantial evidence supporting the . . . decision and whether the Commissioner applied the correct legal standard." Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir. 2002) (citation omitted). A court's factual review of the Commissioner's decision is limited to determining whether "substantial evidence" exists in the record to support such a decision. 42 U.S.C. § 405(g). "Substantial evidence" is more than a mere

scintilla; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Poupore, 566 F.3d at 305 (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

IV.	Discussion

Brault asserts the ALJ failed to give appropriate weight to Dr. Chapin's opinion. The ALJ did not give "significant weight" to Dr. Chapin's opinion because the limitations he outlined were not supported in the objective medical record. (A.R. 13.) Dr. Chapin saw Brault twice in the months leading up to the hearing, and the second meeting, on October 12, 2009, was primarily for the purpose of "disability assistance." (A.R. 22, 505, 540.) The Medical Source Statement of Ability to do Work-Related Activities (Physical) completed by Dr. Chapin is dated October 12, 2009. (AR 497-503). Despite concluding "[p]rolonged anything is difficult, [Brault] needs frequent changes of position" (A.R. 502), Dr. Chapin stated Brault can sit for eight hours at a time. He also stated Brault cannot lift or carry more than ten pounds or stand or walk for more than one hour at a time, and is limited in the use of his hands and feet, but Dr. Chapin did not identify any "particular medical or clinical findings" to support his assessment as required. See A.R. 497-501.

Applying the case law cited by Brault and the applicable regulation, inconsistency with other substantial evidence is a proper ground for not giving a treating source's opinion controlling weight. See Doc. 7 at 3 (quoting Clark v. Commissioner, 143 F.3d 115 (2d Cir. 1998)); 20 C.F.R. § 404.1527(d). Both Drs. Towle and Kamins, two treating sources who saw Brault in 2007 -- Dr. Kamins on multiple occasions -- stated he was capable of light duty work. (A.R. 253-54, 268, 283.) Accordingly, because the limitations Dr. Chapin noted in 2009 were not supported in the objective medical record, substantial evidence supports the ALJ's finding that the testimony of Dr. Chapin was not entitled to significant weight.

Brault next argues the ALJ failed to properly evaluate and credit his testimony. (Doc. 7 at 6-11.) An ALJ must evaluate the credibility of a claimant and arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of symptoms. Lugo v. Chater, 932 F. Supp. 497, 503 (S.D.N.Y. 1996) (citation omitted). Here, the ALJ concluded Brault's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (A.R. 12.) The RFC was based on and determined after a thorough review of the objective medical evidence. The ALJ evaluated Brault's claims in light of his medical history and information provided in his Function Report, including Brault's prior statements that he is able to care for himself, prepare breakfast, perform yard work, drive a car, shop, handle his finances, and walk and watch television daily. Id.; see also A.R. 175-82. Given all the evidence before him, the ALJ's finding that Brault's testimony about his limitations was not fully credible is supported by substantial evidence and should not be overturned on review.

Brault's final argument is the ALJ erred in relying on the vocational expert's testimony because the "numbers . . . were improperly derived and do not meet the evidentiary standard for use in an administrative hearing." (Doc. 7 at 11-14.) The VE testified the source of his numbers was the Occupational Employment Quarterly. (A.R. 33.) The limited burden shift at step five requires the Commissioner to demonstrate other work the claimant can perform "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2). Based on VE Howard Steinberg's testimony at the administrative hearing, the ALJ concluded "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (A.R. 13.)

Brault's counsel questioned Steinberg at the hearing and subsequently submitted a memorandum to the ALJ detailing his argument with respect to the unreliability of Steinberg's testimony regarding the number of jobs available in the national economy.  (A.R. 33-39, 226-36.)  Brault asserts the numbers are unreliable because they are unscientific estimates and include part time employment.  (A.R. 226.)  In his motion, Brault cites -- and quotes extensively -- cases from the Court of Appeals for the Seventh Circuit as setting the standard for admissibility of vocational expert testimony.[1]  See Doc. 7 at 11-13.  More recently, the Seventh Circuit specifically noted use of the Occupational Employment Quarterly by a vocational expert, as did Steinberg in this case, is permitted.  Lawrence v. Astrue, 337 F. App'x 579, 586 (7th Cir. 2009).  Steinberg also recited the DOT codes that correspond with his testimony.  (A.R. 31-32.)  Finally, including part-time employment is not error.  20 C.F.R. § 404.1572; see also Liskowitz v. Astrue, 559 F.3d 736, 745 (7th Cir. 2009) (holding "a VE may . . . testify as to the numbers of jobs that a claimant can perform without specifically identifying the percentage of those jobs that are part-time"); Kelley v. Apfel, 185 F.3d 1211, 1214 (11th Cir. 1999) (holding "there is no per se rule that part-time work cannot constitute substantial gainful activity").  Accordingly, as Steinberg relied on more than just his expertise by consulting a trade publication in rendering his testimony, Brault's argument regarding the reliability of the vocational expert's testimony should be rejected.  Substantial evidence supports the ALJ's conclusion that jobs exist in significant numbers in the national economy that Brault can perform.

---

[1] A split among the Circuits exists regarding whether a vocational expert's recognized expertise provides the necessary foundation for the expert's testimony.  Compare Bayless v. Barnhart, 427 F.3d 1211 (9th Cir. 2005) (accepting expertise as necessary foundation) with McKinnie v. Barnhart, 368 F.3d 907 (7th Cir. 2004) (requiring inquiry into reliability of expert's opinions).

V.      Conclusion

Because substantial evidence supports the ALJ's findings, Brault's motion seeking an order reversing the Commissioner's decision (Doc. 7) is DENIED and the Commissioner's motion seeking an order affirming his decision (Doc. 10) is GRANTED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 24th day of March, 2011.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge